[Civ. No. 5348. First Appellate District, Division Two.—March 19, 1926.]

J. WELTON, Appellant, v. W. J. SMITH, Respondent.

[1] BROKER'S COMMISSIONS—VENDOR AND VENDEE—RIGHT TO INVESTIGATE MORTGAGE—EVIDENCE—FINDINGS—APPEAL.—In this action to recover a commission alleged to have been earned in negotiating the sale of a hotel, where the agreement of sale procured by the agent provided for the assignment by the vendee to the vendor, as part payment of the purchase price, of a certain mortgage, and said agent delivered to the vendor for examination the mortgage, without the note the payment of which the mortgage was executed to secure, the vendor had the right to investigate said mortgage; and where there were conflicts in the evidence as to whether the vendor refused the mortgage, or simply investigated it, the finding of the trial court on that issue was conclusive on appeal.

[2] ID.—READY, ABLE, AND WILLING PURCHASER—ESTOPPEL—ISSUES—
EVIDENCE.—On appeal from the judgment in favor of the defend-
ant in such action, there was no merit in the contention of plaintiff
that the act of the vendor in executing the agreement of purchase
constituted an acceptance of the vendee as a purchaser and that
the vendor was estopped from questioning the fact that the vendee
was able, ready, and willing to purchase, where plaintiff never
presented grounds for such contention in his pleading nor in any
other form in the trial court, but presented the point in the
appellate court for the first time, and in the trial court plaintiff
assumed that it rested with him to prove that the vendee was
ready, able, and willing, and proceeded to introduce evidence on
those issues, and later defendant, without objection from plaintiff,
introduced his evidence in reply.

[3] ID.—CONTRACT OF PURCHASE — ESTOPPEL — FRAUD.—The doctrine
that the act of the vendor in entering into a written contract of
.purchase with the vendee constitutes an acceptance of the vendee
as a purchaser and, so far as the right of the agent to his com-
mission is concerned, is estopped from questioning the fact that
the vendee was able, ready, and willing to purchase, never applies
in the presence of fraud; and in this action, in which the sale
was never consummated, it could not be said that the agent
(plaintiff's assignor) was wholly clear of the charge of fraud.

[4] ID.—DEMAND FOR NOTE—REFUSAL OF VENDEE TO PERFORM—RE-
TURN OF DEPOSIT—FRAUD.—Where said agent was authorized to
sell the property for a consideration including a mortgage for
a specified sum, and in execution of that authorization it obtained
from the vendee a cash deposit and the mortgage and attempted
to turn over to the vendor the mortgage without the note, and
when the vendor demanded the note and stopped the proceedings
until the note was produced, the note was brought forward, but
the vendee at the same time refused to proceed further, whereupon
said agent returned to the vendee his cash deposit, it could not
be said that the conduct of said agent was free from fraud.

[5] ID.—RETURN OF DEPOSIT—BREACH OF AGREEMENT—LOSS OF COM-
MISSION—ASSIGNMENT.—Where said agent was at all times the
agent of the vendor and, when it brought the vendor and the
vendee together, it received from the vendee a cash deposit which,
under the terms of the contract, was a part payment on the
purchase price and in the event the vendee should fail to com-
plete the said purchase said deposit was to be held for the
vendor, and said agent did not so retain the deposit and pay it

2. See 4 Cal. Jur. 636.

to the vendor, but repaid it to the vendee, it violated its contract with the vendor and could not recover a commission; and its assignee has no greater right.

(1) 4 C. J., p. 883, n. 33; 9 C. J., p. 600, n. 53. (2) 9 C. J., p. 566, n. 62, 63. (3) 9 C. J., p. 568, n. 71. (4) 9 C. J., p. 568, n. 71. (5) 5 C. J., p. 958, n. 89; 9 C. J., p. 631, n. 5.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Franklin A. Griffin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Theodore L. Breslauer for Appellant.

Rudolph J. Scholz for Respondent.

STURTEVANT, J.—The plaintiff, as assignee, sued for commissions alleged to have been earned by his assignor, in negotiating the sale of a hotel. The defendant filed an answer in which he denied the allegations of the complaint and he also filed a cross-complaint. The cross-complaint was answered and on the issues so made a trial was had in the lower court before the court sitting without a jury. The trial court made findings of fact in favor of the defendant and from a judgment entered thereon the plaintiff has appealed under section 953a of the Code of Civil Procedure.

The appeal involves the question as to whether the sale fell through by reason of the act of the vendor or by reason of the act of the vendee. The property involved consisted of the business and the furnishings of the Glen Carin Inn, located at 815 Bush Street. Prior to December 28, 1923, the defendant was the lessee of the building and the owner of the business and furnishings, and the property was mortgaged to Alta M. Bates by and under the terms of a mortgage executed on the twenty-third day of May, 1923, to secure the payment of a promissory note in the sum of $2,500. On the twenty-eighth day of December, 1923, the vendor by a written authorization employed plaintiff's assignor to negotiate a sale of his interest. Later the agent caused the parties to sign an executory agreement as follows:

"San Francisco, Calif., December 28, 1923.

"I, a purchaser, ready, willing and able to perform this agreement, hereby deposit with Paramount Realty Co. the sum of Five Hundred ($500.00) Dollars as part payment of the purchase price of the Glen Carin Inn, consisting of all furniture furnishings, stock, equipment pertaining thereto as per inventory to be attached to agreement of sale together with leasehold interest thereof. Lease has about three years and nine months to run. Located at 815 Bush Street in the City and County of San Francisco, State of California, owned by W. J. Smith and listed by said owner thereof with Paramount Realty Co. as the agent for the sale thereof under a contract dated December 28, 1923, and hereby agree to buy said property upon the following terms and conditions, to-wit: The full purchase price of said property to be $6400.00 the sum of $3100.00 consisting of $600.00 in cash and mortgage for the amount of $2500.00 described below, cash to be paid on or before January 2d, 1924 and Agreement of sale to be executed and delivered by said owner upon the following conditions: Free and clear of encumbrances excepting chattel mortgage on personal property, to secure the lease of the Glen Carin Inn. Balance of Thirty Three Hundred ($3300.00) Dollars due on said purchase price the undersigned purchaser agrees to pay at the rate of one hundred ($100.00) Dollars a month graduating to One Hundred and Twenty-five ($125.) six months thereafter and one hundred fifty ($150.00) Dollars a month twelve months thereafter, first payment to commence thirty days after taking possession of said hotel. Interest on all deferred payments at the rate of six per cent (6%) per annum. The purchaser agrees to assign all of her right, title and interest of that certain mortgage hereto attached, to the amount of $2500.00 to W. J. Smith (the seller.) Said mortgage executed on the 23rd day of May, 1923 by and between Frank and Ruby Cummings to Alta M. Bates and recorded on June 9th, 1923 at recorders office, San Luis Obispo, Cal. No. 2365. It is expressly understood that this agreement contains all conditions upon which I am to purchase said property and no representations or conditions are to be considered at any time, for any purpose, which are not set forth.

"In the event I fail to complete the purchase as hereinafter stated, the said sum of $500.00 deposited as aforesaid shall be retained by said agent for the owner of said property, and is hereby fixed as the amount of damage sustained by my breach hereof, as it is impracticable and extremely difficult to fix the actual amount, it being expressly understood, however, in consideration hereof, that the owner of said property shall forbear the bringing of any action against me by reason of my breach of this agreement.

"Time is the essence of this agreement.

"Witness (*name undecipherable*) Signed ALTA M. BATES.

"Approved and ratified by W. J. Smith."

[1]    When that paper was signed by the parties the vendee delivered to plaintiff's assignor, for the account of the vendor, $500 and the mortgage. The agent delivered to the vendor for examination the mortgage but without the note, the payment of which the mortgage was executed to secure. About the same date the vendee attended at the hotel to take an inventory. While the inventory was being taken the vendor commenced to examine the validity of the mortgage and, on learning that the mortgage note had not been tendered, he stopped the taking of the inventory. Later the vendee produced the note and the vendor testified that thereupon he notified the vendee to proceed with the taking of the inventory. As stated by the trial court, "He (the vendor) did not refuse it (the mortgage) ; he simply investigated it, as he had the right to do, . . . " (*In re Pearsons,* 98 Cal. 603, 613 [33 Pac. 451].) In accordance with that ruling the trial court made its findings. The most that can be said in behalf of the appellant is that there were some conflicts in the testimony but those conflicts were addressed to the trial court for solution. Under the record as made we may not disturb its ruling thereon.

[2]    The appellant calls attention to the fact that the parties executed the written instrument which we have quoted above. Thereupon the appellant makes the contention that the act of the vendor in executing that writing constituted an acceptance of the vendee as a purchaser and that the vendor is estopped from questioning the fact that the vendee was able, ready, and willing to purchase. (*Freeman v. Creelman,* 60 Cal. App. 14, 24 [212 Pac. 56], and cases

there cited.) The appellant never presented grounds for this contention in his pleading nor in any other form in the trial court, and presents the point in this court for the first time. In the trial court the appellant assumed that it rested with him to prove that the vendee was ready, able, and willing, and proceeded to introduce evidence on those issues. Later the respondent, without objection by the appellant, introduced his evidence in reply. [3] Furthermore the doctrine of the case last cited never applies in the presence of fraud, and it cannot be said that the appellant's assignor was wholly clear of the charge of fraud. [4] It was the agent of the vendor. As such agent it received $500 for respondent's account. It was authorized to sell the vendor's property for a consideration including a mortgage for $2,500. In execution of that authorization it attempted to turn over to the vendor the mortgage without the note—a hollow performance. When the respondent demanded the note and stopped the proceedings in taking the inventory until the note was produced, then the note was brought forward; but the vendee at the same time refused to proceed further and the appellant's assignor returned the deposit which it held. We cannot say this conduct was free of fraud.

[5] Moreover the record in this case has certain features that differentiate it from the cases that have been cited by the appellant. The appellant's assignor was at all times the agent of the vendor. When it brought the vendor and the vendee together it received from the vendee a deposit of $500, which under the terms of the contract was a part payment on the purchase price and in the event the vendee should fail to complete the purchase said deposit was to be held for the vendor. However, the agent did not so retain the deposit and pay it to the vendor, but repaid it to the vendee. In doing so it acted in violation of its contract with the vendor. Having breached the contract it could not have recovered from the respondent. Its assignee has no greater rights.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.